## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **HUGHES CORPORATION** | ) | CASE NO. 1.07CV3249261 |
| | ) | |
| Plaintiff, | ) | JUDGE BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| **LEXINGTON INSURANCE COMPANY,** | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

This Order shall govern the use and disclosure of all Confidential Information produced by or on behalf of the parties, any third party or furnished by any person associated with the parties in any deposition, interrogatory, request for admission, document production or any other discovery proceeding or exchange of information in this action. By their signatures below, no party is conceding or admitting in any way that any information disclosed or to be disclosed in this action is in fact confidential, sensitive or proprietary information.

1. As used in this Order, "Confidential Information" means all documents and other material or information containing confidential financial or business information and designated as "Confidential" by the party seeking to protect the information. Subject to Paragraphs 10 and 13 hereinbelow, upon application to and order of the Court, documents which are designated and labeled confidential, but which are clearly not Confidential Information shall lose any confidential protection under this Order; provided, however, that documents previously disclosed by one party to the other prior to or during the course of this action to date may, within twenty (20) business days after entry of this Order, be designated, in good faith, as Confidential, and the

parties acknowledge and agree that such post-disclosure designation shall not be taken as evidence of lack of good faith or waiver of confidentiality.

2. A party seeking to protect Confidential Information shall designate the information as **"Confidential"** or a substantially similar designation.

3. Documents and other tangible items shall be designated as Confidential at the time the documents are produced and by a stamp or some other label on the documents or items, or in the case of documents produced by a third-party, within fourteen (14) days of receipt of such documents by the designating party. Deposition transcripts may be designated as Confidential on the record at the time the testimony is given, or within fourteen (14) days after the transcript is received by the designating party by written notice to all recipients of the transcript. If Confidential Information is to be used at a deposition, the deposition will be closed to all individuals except those permitted to have access to the Confidential Information as provided in this Order.

4. No person receiving Confidential Information pursuant to the terms of this Order shall make any use of the Confidential Information except solely for the purpose of evaluating, prosecuting or defending claims in this action, including any appeals or post decree matters. Confidential Information shall not be used for any business, commercial or other purpose whatsoever.

5. Except upon further order of the Court or by express written consent of counsel of record, Confidential Information so designated may only be disclosed to the following individuals:

    (a) Litigation counsel of record for the parties to this action and in-house counsel, including other attorneys in that firm and paralegals, office clerks, secretaries and clerical or support personnel employed or retained by litigation counsel, but only if:

       (i) it is necessary to disclose the Confidential Information to them for purposes of this action;

       (ii) they are not parties or affiliates of any party or competitors or vendors of any party;

       (iii) they are not officers, directors or employees of parties, or affiliates of parties, or of competitors or vendors or customers of parties; and,

       (iv) they are under the supervision and control of litigation counsel.

    (b) The Court in this action, or any other court having jurisdiction over discovery procedures in the action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction service.

    (c) Consulting experts or testifying expert witnesses, their associates, assistants, and other personnel employed directly by the experts who submit to the jurisdiction of the United States District Court, Northern District of Ohio, and who acknowledge and agree to be bound by the terms of this Order. The experts shall execute an acknowledgment substantially in the form attached as Exhibit A to this Order before being given access to the Confidential Information. A party may not disclose Confidential Information to experts unless:

       (i) it is necessary to disclose the Confidential Information to them for purposes of this action;

       (ii) they are not parties or affiliates of any party; and

       (iii) they are not officers, directors or employees of parties, or affiliates of parties, or of competitors or vendors or customers of parties;

    (d) The author, addressee or any other person identified in the document as a prior recipient of the Confidential Information.

    (e) The parties to this action or employees, officers, directors or consultants of a party to whom disclosure is required for the prosecution or defense of this action.

    (f) Witness whose testimony relates to the Confidential Information.

    (g) A party's outside or in-house auditors, so long as such auditors are subject to confidentiality requirements reasonably similar in scope to the requirements of this Order or execute an acknowledgement substantially in the form attached as Exhibit A to this Order before being given access to the Confidential Information.

    (h) Any person who would be entitled to review Confidential Information as a result of contractual obligations such as agreements with insurers, reinsurers, retrocessionaries, pursuant to local, state, federal or other laws, so long as any such person is subject to

confidentiality requirements reasonably similar in scope to the requirements of this Order or executes an acknowledgement substantially in the form attached as Exhibit A to this Order before being given access to the Confidential Information.

6. The recipient of any Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information; and shall not reveal, discuss or disclose such Confidential Information in any manner, in any form, to any person or entity other than as provided in this Order.

7. Unless otherwise ordered by the Court, all documents and deposition transcripts containing or reflecting Confidential Information which are filed with the Court or any appellate court shall be filed in accordance with the appropriate local rule or with local practice for filing documents under seal.

8. A Party may use the Confidential Information in briefs, memoranda, appendices, exhibits or other pleadings filed with the Court in this action, provided that they advise the Court of the request that the Confidential Information be filed under seal and seek the Court's approval to file those documents under seal in accordance with the local rules.

9. Within sixty (60) days of conclusion of this case (including any appeals), all Confidential Information and all copies, duplications, extracts and summaries thereof shall be returned to the producing party or destroyed at the producing party's request with a letter to counsel for the producing party certifying that all Confidential Information has been returned or destroyed, except that the parties have agreed that counsel of record may retain all information and materials which constitute work product. If requested by either party, counsel of record shall certify in writing filed with the Court that all Confidential Information required to be returned

has been so returned or destroyed within fourteen (14) days of receipt of a written request for certification by either party.

10. If any party to this litigation disagrees with the propriety of a "Confidential" designation, such party shall give the designating party or entity written notice of its disagreement and the interested parties shall try to resolve such a dispute in good faith prior to filing any motion with the Court.

11. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Information by the party producing that information or to prevent any party from interposing an objection to a request for discovery.

12. If a non-designating party in possession of Confidential Information receives a subpoena or other request seeking production or other disclosure of Confidential Information, that party shall immediately give written notice to counsel for the designating party identifying the Confidential Information sought and the date and time production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel of the designating party or by further order of the Court.

13. Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court: (i) additional protection for specific items of Confidential Information; or (ii) relief from the provisions of this Order with respect to specific items or categories of Confidential Information.

14. By stipulating to this Order, the parties do not waive any applicable privileges, and reserve their right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges. In the event of an inadvertent production of any document, material or information claimed to be protected by the attorney-client privilege, work product doctrine,

and/or any other applicable protection or privilege, the following procedures shall be followed: The designating parties shall make written demand upon the receiving party to return such inadvertently produced documents, materials or information. Upon demand by the designating party, all such documents, material or information and any copies, duplications, extracts, and summaries thereof shall be returned to the designating party within five (5) business days of the Court's order requiring the return of such documents. The designating party shall maintain the specified documents, material or information for <u>in camera</u> inspection by the Court should a motion to compel production be filed.

    15. All parties and attorneys of record in this action, and all other persons and entities

possessing or granted access to Confidential Information pursuant to this Order, shall be bound by this Order

**APPROVED and ENTERED** this 12th day of May , 2008.

                                               s/Christopher A. Boyko
                                               JUDGE BOYKO

## STIPULATION

The parties, through counsel, stipulate to entry of the foregoing Protective Order.

| /s/ Cheryl L. Heiss | /s/ Roy A. Hulme |
|---|---|
| Peter E. Kanaris/Cheryl L Heiss | Roy A Hulme |
| Fisher Kanaris PC | Reminger & Reminger |
| 200 South Wacker Drive | 1400 Midland Bldg. |
| 22nd Floor | 101 Prospect Ave. W |
| Chicago, Illinois 60606 | Cleveland, OH 44115 |
| (312) 474-1400 | (216) 430-2133 |
| *Attorneys for Lexington Insurance Company* | *Attorneys for Lexington Insurance Company* |

       /s/ M. Scott Wilson
Thomas J. Scanlon  (0017308)
Tim L. Collins  (0033116)
M. Scott Wilson (0025775)
Collins & Scanlon, LLP
3300 Terminal Tower
50 Public Square
Cleveland, OH   44113
(216) 696-0022
(216) 696-1166 (facsimile)

*Attorneys for Hughes Corporation*

7

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **HUGHES CORPORATION** | ) | **CASE NO. 1.07CV324961** |
| | ) | |
|     **Plaintiff,** | ) | **JUDGE BOYKO** |
| | ) | |
| v. | ) | |
| **LEXINGTON IN SURANCE COMPANY** | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
|     **Defendant.** | ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

_____ hereby acknowledges and agrees that he or she has been provided with a copy of the Stipulated Protective Order entered in the above captioned action; he or she has read the Order; he or she agrees to be bound by its terms; he or she subjects himself or herself to jurisdiction of the United States District Court of the Northern District of Ohio for purposes of any action to enforce the terms of the Order; and that the Court may impose sanctions on any person or entity possessing or granted access to Confidential Information pursuant to the Order who discloses or uses the Confidential Information for any purpose other than as authorized by the Order or who otherwise violates the terms of the Order.

_____            _____
      Date

## CERTIFICATE OF SERVICE

      I hereby certify that on May 7, 2008, the foregoing Stipulated Protective Order was filed electronically with the Clerk of Court for approval of the Court and is to be served by operation of the Court's electronic filing system on the following:

Roy A. Hulme, Esq.
Reminger & Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

Peter E. Kanaris, Esq.
Cheryl L. Heiss, Esq.
Fisher Kanaris, PC
200 S. Wacker Drive
22nd Floor
Chicago, IL 60606
200 S. Wacker Drive

                              /s/ M. Scott Wilson
                              M. Scott Wilson
                              One of the Attorneys for Plaintiff
                              Hughes Corporation